UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NICOLE STRILLACCI                                    JURY TRIAL DEMANDED

v.                                                            CASE NO.  3:09CV

PINNACLE ASSET GROUP, L.L.C.
FRANK TAIMANI
RAYMOND STILWELL

COMPLAINT

1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"),

l5 U.S.C. § l692; the Connecticut Creditor Collection Practices Act ("CCPA"), Conn. Gen.

Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and

regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"),

Conn. Gen. Stat. § 42-110a.

2.  The Court has jurisdiction. l5 U.S.C. § 1692k and 28 U.S.C. §133l and § 1367.

3.  Plaintiff is a natural person who resides in CT.

4.  Plaintiff is a consumer within the FDCPA.

5.  Each Defendant is a debt collector within the FDCPA.

6.  Defendant Pinnacle communicated with plaintiff by letters dated November 5 and

November 20, 2009, in an effort to collect a personal credit card account originating with

Direct Merchants Bank / HSBC.

7.  Defendant Taimani is not a lawyer. His signature block as Director of Operations

appears on the letter of November 5, with a cc: to defendant Stilwell.

8.  Defendant Stilwell, an attorney admitted in New York, allowed the other

defendants to use his name as an in terrorem device.

9.   Said letter of November 5, 1009, refers, inter alia, to "possible legal action";

"legally pursue"; "amicable resolution"; "before said action is taken."

10. Said letter of November 5, 2009, included, "A lawsuit can be a very expensive and

time consuming process. Said action may result in the entry of a civil or default judgment, the

filing of a property lien if applicable, attachment of assets, freezing of bank accounts,

garnishment of wages, assessment of attorney fees, and all other available legal remedies as

specified by your state law."  Cacace v. Lucas, 775 F. Supp. 502 (D. Conn. 1990) (recital of

consequences is bullying); Rosa v. Gaynor, 784 F. Supp. 1, 5 (D. Conn. 1989) (same)

11. Said letter of November 5, 2009, was the first communication. It did not contain

the notices required by 15 U.S.C. § 1692g. It did contain a demand for payment "within 10

days" of November 5, 2009.

12. Defendants Pinnacle and Taimani sent plaintiff an email on November 5, 2009,

without the notice requires by 15 U.S.C. §  1692e(11). The email stated, in part, "It is our

intent to pursue for forcable [sic] recovery as instructed by our client through civil or default

judgment."

13. Intimidated by the false sense of urgency created by defendants, plaintiff paid

$579.28 as the first of two payments.

14. Defendants violated 15 U.S.C. §  1692e as well as §1692g.

15. Defendant has committed unfair or deceptive acts or practices within the meaning

of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

WHEREFORE plaintiff respectfully requests this Court to:

1.   Award plaintiff  such damages as are permitted by law, both compensatory and punitive,

including $1,000 statutory damages under each of the FDCPA or CCPA for each communication

against defendant;

2.   Award the plaintiff costs of suit and a reasonable attorney's fee;

3.   Award declaratory and injunctive relief, and such other and further relief as law or equity

   may provide.

                THE PLAINTIFF


                BY____/s/ Joanne S. Faulkner___
                     JOANNE S. FAULKNER ct04137
                     123 Avon Street
                     New Haven, CT 06511-2422
                     (203) 772-0395
                     faulknerlawoffice@snet.net